JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17-cv-2273

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AQUA PHARMACEUTICALS, LLC,

**(b)** County of Residence of First Listed Plaintiff: Chester (PA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES L. BEAUSOLEIL, JR.; JEFFREY S. POLLACK
DUANE MORRIS, LLP, 30 SOUTH 17TH ST, PHILA., PA 19103

### DEFENDANTS
PARK IRMAT DRUG CORP., d/b/a IRMAT PHARMACY

17 2273

County of Residence of First Listed Defendant: New York (NY)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** | ☐ 462 Naturalization Application | | |
| | — ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education — ☐ 550 Civil Rights | | | |
| | — ☐ 555 Prison Condition | | | |
| | — ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Defendant breached Service Agreement by seeking fraudulent payments and other improper billing practices.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE N/A
DOCKET NUMBER N/A

DATE: 05/17/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ J.T.

MAY 17 2017

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Aqua Pharmaceuticals, LLC, 707 Eagleview Boulevard, Suite 200, Exton, Pennsylvania 19341

Address of Defendant: Park Irmat Drug Corp., 2 Park Avenue, New York, NY 10016

Place of Accident, Incident or Transaction: Address of Plaintiff's Headquarters in Exton, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: N/A     Judge: N/A     Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, James L. Beausoleil, Jr., counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: May 17, 2017     _____     PA ID # 74308
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY 17 2017

DATE: May 17, 2017     _____     PA ID # 74308
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Aqua Pharmaceuticals, LLC<br>Plaintiff,<br>v.<br>Park Irmat Drug Corp. d/b/a Irmat Pharmacy<br>Defendant | : <br>: <br>: <br>: <br>: <br>: | CIVIL ACTION<br><br>NO. 17 2273 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

| | | |
|---|---|---|
| May 17, 2017 | James L. Beausoleil, Jr. | Plaintiff Aqua Pharmaceuticals, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 979-1120 | (215) 689-0889 | jlbeausoleil@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 17 2017



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUA PHARMACEUTICALS, LLC, | 17 2273 |
| Plaintiff, | |
| v. | Civil Action No. |
| PARK IRMAT DRUG CORP d/b/a IRMAT PHARMACY, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Aqua Pharmaceuticals, LLC ("Aqua"), by and through its undersigned attorneys, for its Complaint against Park Irmat Drug Corp d/b/a Irmat Pharmacy ("Irmat"), alleges as follows:

### PARTIES

1. Aqua is a limited liability company organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. Its sole member is a Delaware corporation with a principal place of business located in the Commonwealth of Pennsylvania.

2. Irmat is a New York corporation with a principal place of business located at 2 Park Avenue, New York, NY 10016.

### JURISDICTION & VENUE

3. This Court has jurisdiction by virtue of 28 USC § 1332 based upon the diversity of the citizenship of the parties and the amount in controversy, which exclusive of costs and interest, exceeds $75,000.

4.     Venue is appropriate in this Court under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Aqua's claims occurred in this District.

## FACTUAL BACKGROUND

5.     On August 7, 2014, Aqua entered into a Pharmacy Services and Dispensing Agreement (the "Agreement") with Irmat.

6.     Pursuant to the Agreement, Aqua agreed to sell to Irmat, and Irmat agreed to purchase from Aqua, certain pharmaceutical products for the purpose of Irmat dispensing those products to consumers who provide a valid prescription for the product.

7.     Pursuant to the Agreement, Irmat was permitted to invoice Aqua for processing fees in consideration of certain services provided by Irmat under the Agreement, such as prescription intake and adjudication, prior authorization for insurance coverage and drug utilization review services, and "Charge Back Amounts" related to Irmat's purchase of pharmaceuticals from Aqua, which Aqua was contractually required to pay Irmat.

8.     Pursuant to the terms of the Agreement, there could be only one "Charge Back Amount" for each prescription filled under the Agreement.

9.     Additionally, the Agreement defined "Charge Back Amount" as "the amount by which the Price paid by Pharmacy [Irmat] for such Product exceeds the Pharmacy Receipts received, or to be received, by the Pharmacy for such Product as dispensed provided that in no event will the Charge Back Amount exceed the Price paid to Aqua by the Pharmacy for such Product." The Agreement defined "Pharmacy Receipts" as the "total payments received, or to be received, by the Pharmacy from third party payers on account of the dispensing of such Product." For example, if Irmat purchased a product from Aqua for $150 ("Price), and the total payments received by Irmat on account of its sale of the product were $100 ("Pharmacy

Receipts"), Irmat would be entitled to receive a payment of $50 from Aqua, which is the amount by which the Price exceeded the Pharmacy Receipts. In this example, the $50 amount would be the Charge Back Amount.

10. In 2016 and 2017, Aqua conducted an audit of Irmat's operations under the Agreement, including Irmat's billing practices relating to the processing fees and Charge Back Amounts invoiced to Aqua.

11. To Aqua's astonishment, the results of the audit revealed that Irmat materially breached the Agreement and overbilled Aqua by many millions of dollars, which Aqua paid.

12. Among other things, Aqua discovered that, on numerous occasions, Irmat double billed Aqua, meaning that Irmat, on numerous occasions, billed and was paid Charge Back Amounts and processing fees twice for a single Product sale.

13. The audit also revealed that, contrary to the clear and unambiguous terms of the Agreement, Irmat had, on numerous occasions, improperly invoiced Aqua for, and was paid, Charge Back Amounts for Product sales where Irmat's Pharmacy Receipts equaled or exceeded the Price Irmat paid Aqua.

14. In addition, it was discovered that, contrary to the clear and unambiguous terms of the Agreement, Irmat had, on numerous occasions, improperly invoiced Aqua for, and was paid, Charge Back Amounts that were in excess of the amounts permitted under the Agreement, by invoicing a Charge Back Amount that was greater than the difference between the Price Irmat paid Aqua for the product and Irmat's Pharmacy Receipts from the sale of the product.

15. Other material breaches of the Agreement were also discovered including breaches of Section 2.1, which states that "Pharmacy shall not dispense any Products to Consumers for cash and will not charge or accept any Co-Payments, or any other payments, from

3

any Consumer, regardless of the terms of such Consumer's insurance or prescription benefits coverage."

16. Contrary to that provision, numerous transactions reviewed in the audit show that Irmat did, in fact, accept cash payments from consumers, and that Irmat improperly sought and was paid processing fees and Charge Back Amounts for those transactions.

## COUNT I
## BREACH OF CONTRACT

17. Aqua incorporates by reference the preceding paragraphs as though set forth fully herein.

18. Aqua and Irmat entered in the Agreement.

19. Aqua performed each of its obligations under the Agreement.

20. As alleged above, Irmat materially breached the Agreement by, *inter alia*: (1) double billing Aqua by seeking duplicate Charge Back Amounts and processing fees for the same Product sale transactions; (2) improperly billing Aqua for Charge Back Amounts where Irmat's Pharmacy Receipts equaled or exceeded the Price Irmat paid to Aqua; (3) improperly billing Aqua for Charge Back Amounts greater than the difference between the Price Irmat paid Aqua for the product and Irmat's Pharmacy Receipts from the sale of the product; and (4) breaching Section 2.1 of the Agreement.

21. Aqua has suffered significant damages as a result of Irmat's breaches.

## COUNT II
## FRAUD

22. Aqua incorporates by reference the preceding paragraphs as though set forth fully herein.

4

23. Under the Agreement, Irmat was permitted to be paid Charge Back Amounts, but only as permitted by, and in accordance with terms of, the Agreement.

24. Despite this, Irmat knew that it was invoicing Charge Back Amounts where (1) the amount Irmat was paid for dispensing the pharmaceutical product at issue equaled or exceeded what Irmat paid Aqua for the product and (2) the Charge Back Amount was greater than the difference between the Price Irmat paid Aqua for the product and Irmat's Pharmacy Receipts from the sale of the product.

25. In order to enrich itself at Aqua's expense, Irmat knowingly and intentionally concealed or misrepresented these facts, intending for Aqua to rely thereon, so that Irmat could falsely bill Aqua for impermissible Charge Back Amounts.

26. Aqua has suffered damages as a result of Irmat's fraudulent conduct.

## DEMAND FOR RELIEF

WHEREFORE, Aqua respectfully requests that judgment be entered in favor of Aqua and against Irmat for the amount of Aqua's damages in a sum exceeding $75,000, together with punitive damages for Aqua's tortious and fraudulent misconduct, interest, and costs.

## JURY DEMAND

Aqua respectfully demands that all issues be determined by a jury.

Respectfully submitted,

DUANE MORRIS LLP

_____
James L. Beausoleil, Jr. (74308)
Jeffrey S. Pollack (91888)
30 South 17th Street
Philadelphia, PA 19103
Tel. (215) 979-1120/1299
Fax (215) 689-0889/4942
jlbeausoleil.duanemorris.com
jspollack@duanemorris.com

6

DM3\4563491.5